1 | Karin Sweigart, Cal. Bar No. 247462
Email: ksweigart@freedomfoundation.com
2 | Mariah Gondeiro, Cal. Bar No. 323683
Email: mgondeiro@freedomfoundation.com
3 | Freedom Foundation
P.O. Box 552
4 | Olympia, WA 98507
Telephone: (360) 956-3482
5 | Facsimile: (360) 352-1874

6 | *Attorneys for Plaintiff*

7 |

8 | UNITED STATES DISTRICT COURT

9 | CENTRAL DISTRICT OF CALIFORNIA

10 | **MATTHEW WILKINS**, individual,     CASE NO. 2:19-cv-06351-DSF

11 |                   Plaintiff,        **FIRST AMENDED COMPLAINT FOR DECLARATORY**

12 |       v.                            **JUDGMENT, DAMAGES AND INJUNCTIVE RELIEF UNDER 42**

13 | **SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 721**, a labor union; **VENTURA**     **U.S.C. § 1983**

14 | **COUNTY**, a political subdivision of the State of California; and **JEFFREY S.**

15 | **BURGH**, in his official capacity as Auditor-Controller of Ventura County,

16 |                   Defendants.

17 |         Plaintiff Matthew Wilkins by and through his undersigned counsel, states the

18 | following claim for relief against Service Employees International Union (SEIU)

19 | Local 721 (hereinafter, the "Union"), Ventura County, and Jeffrey S. Burgh in his

20 |

FREEDOM FOUNDATION

1  official capacity as Auditor-Controller of Ventura County (collectively,

2  "Defendants").

3  **JURSIDICTION AND VENUE**

4       1.     The Court has jurisdiction pursuant to 28 U.S.C. § 1331 because a

5  portion of Plaintiff's claims arise out of the First and Fourteenth Amendments of the

6  United States Constitution. Further, the Court has jurisdiction pursuant to 28 U.S.C.

7  § 1343 because Plaintiff seeks relief under 42 U.S.C. § 1983.

8       2.     This action is an actual controversy, and the Court has jurisdiction to

9  provide Plaintiff with a declaration of his rights under the Constitution of the United

10  States and grant any further relief, including injunctive relief, the Court deems

11  necessary and proper pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 65 of the

12  Federal Rules of Civil Procedure.

13       3.     Venue is proper in the Central District of California pursuant to 28

14  U.S.C. § 1391(b)(1) because one or more Defendants reside in the Central District,

15  and all Defendants are residents of the State of California (within the meaning of 28

16  U.S.C. § 1391(c)). Venue is also proper under 28 U.S.C. § 1391(b)(2) because a

17  substantial part of the events giving rise to this action occurred in this judicial

18  district as Defendants do business and operate in Ventura County.

19

20

FREEDOM FOUNDATION

1

**INTRODUCTION**

2    4.    Plaintiff Matthew Wilkins brings this lawsuit to enforce constitutional

3 rights pursuant to *Janus v. AFSCME, Council 31*, 138 S. Ct. 2448 (2018). Plaintiff is

4 a public employee belonging to a bargaining unit represented by the Union.  Relying

5 solely on a provision within its collective bargaining agreement (CBA) with Ventura

6 County, the Union insists that Plaintiff pay dues until a resignation window near the

7 end of his CBA. The Union also insisted that Wilkins remain a union member until

8 the end of the CBA, even though he never signed a membership application card. The

9 Court should permit Wilkins to stop paying dues and grant related relief.

10

**THE PARTIES**

11    5.    Matthew Wilkins resides in Camarillo, California in Ventura County.

12 He is a public employee employed by the Ventura County and assigned to a position

13 within the Ventura County Fire Protection District.  SEIU 721 represents him

14 exclusively for the purposes of collective bargaining.

15    6.    Defendant SEIU 721 is a "recognized employee organization" under

16 Cal. Gov't Code § 3501(a).  Its headquarters are in Los Angeles, California in Los

17 Angeles County and it engages in business throughout California.

18    7.    Defendant Ventura County is a "public agency," Cal. Gov't Code §

19 3540.1(c), with headquarters in Ventura, California in Ventura County. It engages in

20 business in California, including Ventura County.

FREEDOM
FOUNDATION

8.      Defendant Jeffrey S. Burgh is the Auditor-Controller for Ventura County and is sued in his official capacity solely for declaratory and injunctive relief.

## FACTUAL ALLEGATIONS

*Matthew Wilkins*

9.      Ventura County entered into a Memorandum of Agreement[1] (MOA) with the Union for Wilkins' bargaining unit effective from January 10, 2017, through December 14, 2019.

10.     Ventura County recognizes the Union as the exclusive representative for Wilkins' bargaining unit. It does so through the MOA.

11.     Ventura County deducts dues from union members' paychecks and remits them to the Union.  It does so pursuant to an authorization in the MOA.

12.     Ventura County's MOA with the Union contains a "Maintenance of Membership/Modified Agency Shop" clause which provides:

Maintenance of Membership/Modified Agency Shop:

All Unit employees who on the effective date of the MOA are

members of Local 721 and all such employees who thereafter

voluntarily become members of Local 721 shall maintain their

---

[1] A memorandum of agreement and/or memorandum of understanding is a collective bargaining agreement, the contract between an employer and the union.

FREEDOM FOUNDATION

1    membership in Local 721, subject to:

2         Any employee in this unit(s) who has authorized Union

3         dues deductions on the effective date of this agreement . .

4         . shall continue to have such deductions made by the

5         County during the term of the agreement; provided,

6         however, that any employee in the unit(s) may terminate

7         such Union dues during the period not less than thirty (30)

8         days and not more than forty-five (45) days before the

9         expiration of the Memorandum of Agreement, by

10        notifying the Union of their termination of dues in writing.

11   *See* MOA Article 28, Section 2813, at 79.

12        13.   This Maintenance of Membership/Modified Agency Shop provision

13   purports to be authorized by Cal. Gov. Code § 3502.5. *See* MOA Sec. 2813(B).

14        14.   On August 11, 2018, Wilkins provided written notice to the Union

15   objecting to union membership and dues deductions.  Wilkins also submitted a

16   written cancellation to Ventura County.

17        15.   On August 13, 2018, a Union representative, Jesse Luna, responded via

18   email directing Wilkins to the Member Connection telephone number for further

19   assistance.

20

FIRST AMENDED COMPLAINT              5              CASE NO. 2:19-CV-06351

FREEDOM FOUNDATION

1       16.     Wilkins telephoned the number provided. A union representative told

2 Wilkins he was a full-fledged member and could not terminate the dues deductions

3 until the end of the current MOA.

4       17.     On August 13, 2018, Susan Salas, a fiscal technician in the

5 auditor/payroll division at Ventura County, responded via email that the County

6 would not stop Wilkins' dues deductions without "hear[ing] from SEIU in response

7 to [Wilkins'] request."  She additionally stated her understanding was that Wilkins

8 could not cancel dues deductions until the end of the current MOA, in December

9 2019.

10       18.     Salas also provided a copy of a County payroll deduction authorization

11 Wilkins signed on April 1, 2014, which included provisions authorizing deductions

12 related to SEIU Local 721.

13       19.     According to the form, the dues deductions would continue until

14 Wilkins gave written notice to Ventura County of the termination of dues deductions

15 through the submission of a valid authorization/cancellation card (or terminated his

16 employment, whichever was earlier).

17       20.     Notwithstanding the plain language in Wilkins' form giving the

18 Auditor-Controller authority to cease the deductions, Ventura County refuses to stop

19 deducting dues from Wilkins' pay and continues to force him to make payments to

20 the Union.

FREEDOM
FOUNDATION

1    21.    Neither the Union, nor his public employer, nor his deduction

2    authorization informed Wilkins: (a) of the right to refrain from financially

3    supporting a union; (b) that he was not required to join the union or pay money to

4    the union as a condition of employment; (c) that the union owed a duty of fair

5    representation even if he chose not to join or give money to the union; or (d) that if

6    he joined the union, the union would use a portion of his dues to fund political

7    advocacy.

8    22.    Despite Wilkins repeated objections to union membership, the Union

9    has forced him to maintain membership until the end of the current CBA.

10    23.    Despite the plain language in Wilkins' authorization form allowing him

11    to revoke the dues deductions by written notice to Ventura County, which he

12    provided, Ventura County continues to deduct dues.

13    24.    Despite the plain language in Wilkins' authorization form allowing him

14    to revoke dues deductions by written notice to Ventura County, which he provided,

15    the Union continues to accept Wilkins' dues.

16    25.    The only way Wilkins could stop supporting the political activities of

17    the Union would be to quit his job.

18    26.    The Union's oral representation to Wilkins contradicts his signed

19    payroll deduction authorization. Wilkins' authorization from 2014 allows him to

20    cease dues deductions at any time by written notice.  However, the Union and

FREEDOM
FOUNDATION

1    Ventura County claim Wilkins must remain a member until December 14, 2019, the

2    end of the MOA.

3         27.    The Union and Ventura County rely on their CBA to compel Plaintiff to

4    remain in the Union and to continue paying dues or an equal agency fee.

5         28.    The Union impermissibly works in concert with Ventura County to

6    siphon money from Plaintiff's paycheck without his clear and affirmative consent.

7    The Defendants' actions infringe Plaintiff's First Amendment rights of free speech

8    and free association, as secured against state infringement by the Fourteenth

9    Amendment to the U.S. Constitution.

10                 **FIRST CLAIM FOR RELIEF – 42 U.S.C. § 1983**

11        29.    Plaintiff re-alleges and incorporate by reference each and every

12    allegation contained in the paragraphs above.

13        30.    Cal. Gov. Code § 3502.5, on its face and as applied, violates Plaintiff's

14    First Amendment rights, as incorporated against state infringement by the

15    Fourteenth Amendment: (a) not to associate with a mandatory representative; (b) not

16    to support, financially or otherwise, petitioning and speech; and (c) against

17    compelled speech, because it authorizes the government to enter into a CBA

18    requiring the government to deduct union dues or the equivalent amount as a

19    "service fee" from Plaintiff's wages even though he has not clearly and affirmatively

20    consented to the deductions by waiving his constitutional right not to fund union

FREEDOM
FOUNDATION

1  advocacy.

2      31.    Consent to fund or otherwise support union advocacy cannot be

3  presumed, and Plaintiff did not waive his constitutional right to not fund union

4  advocacy.

5      32.    Cal. Gov. Code § 3502.5 serves no compelling state interest.

6      33.    Cal. Gov. Code § 3502.5 is significantly broader than necessary to

7  serve any possible alleged government interest.

8      34.    Cal. Gov. Code § 3502.5 is not carefully or narrowly tailored to

9  minimize the infringement of free speech rights.

10     35.    By engaging in the conduct described herein, Defendants have acted

11 under the color of state law to deprive Plaintiff of his constitutional rights, entitling

12 Plaintiff to redress pursuant to 42 U.S.C. § 1983.

13     36.    Plaintiff is entitled to declaratory and/or injunctive relief against all

14 Defendants that Cal. Gov. Code § 3502.5 is unconstitutional and cannot authorize

15 diverting his lawfully earned wages to support the Union.

16     37.    Plaintiff is entitled to money damages from the Union.

17          **SECOND CLAIM FOR RELIEF – Wilkins § 1983**

18     38.    Plaintiff Wilkins re-alleges and incorporates by reference each and

19 every allegation contained in the paragraphs above.

20     39.    The Union and Ventura County act under color of state law by working

FREEDOM
FOUNDATION

1  in concert through the MOA to restrict Wilkins' right to resign union membership.

2    40.    The Union and Ventura County act under color of state law by working

3  in concert through the MOA to restrict Wilkins' right to cancel the deduction of dues

4  from his wages.

5    41.    The "Maintenance of Membership" provision in Ventura County's

6  MOA with the Union, on its face and as applied, violates Wilkins' First Amendment

7  rights as incorporated against state infringement by the Fourteenth Amendment: (a)

8  not to associate with a mandatory representative; (b) not to support, financially or

9  otherwise, petitioning and speech; and (c) against compelled speech, because the

10  MOA authorizes the State to deduct dues from Wilkins' wages even though he has

11  not clearly and affirmatively consented to the deductions by waiving his

12  constitutional right to not fund union advocacy, and/or because it forces Wilkins to

13  maintain union membership over his objections.

14    42.    Consent to fund or otherwise support or associate with union advocacy

15  cannot be presumed, and Wilkins did not waive his constitutional right not to fund

16  union advocacy.

17    43.    The "Maintenance of Membership" provision serves no compelling

18  state interest.

19    44.    The "Maintenance of Membership" provision is significantly broader

20  than necessary to serve any possible alleged government interest.

FREEDOM FOUNDATION

45.     The "Maintenance of Membership" provision is not carefully or narrowly tailored to minimize the infringement of free speech rights.

46.     By engaging in the conduct described herein, Ventura County and the Union have acted under the color of state law to deprive Wilkins of his constitutional rights, entitling Wilkins to redress pursuant to 42 U.S.C. § 1983.

47.     Wilkins is entitled to declaratory and/or injunctive relief against all Defendants that the MOA between the Union and Ventura County is unconstitutional and cannot authorize diverting his lawfully earned wages to support the Union, nor can it require Wilkins to remain a member of the Union.

48.     Wilkins is entitled to money damages from the Union.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests this Court enter a Judgment granting the following:

**A. Declaratory Judgment**: that Cal. Gov. Code § 3502.5, the "Maintenance of Membership" provision, and actions pursuant thereto, on their face and as applied, violate the First Amendment to the United States Constitution, as secured against state infringement by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983, because they permit and compel Ventura County to deduct union dues/fees from Plaintiff's wages even though he has not clearly and affirmatively consented to the

FREEDOM FOUNDATION

deductions by waiving the constitutional right to not fund union advocacy;

**B. Declaratory Judgment:** that Defendants' deduction of sums from Plaintiff's wages without clear and affirmative consent to the deductions by waiving the constitutional right not to fund union advocacy, is illegal and unconstitutional;

**C. Declaratory Judgment:**  that the "Maintenance of Membership" provision, on its face and as applied, violates Wilkins' First and Fourteenth Amendment rights under the United States Constitution; and that Wilkins' right to resign union membership at a time of his choosing is protected under the First and Fourteenth Amendments of the United States Constitution.

**D. Permanent Injunction:** issue a permanent injunction enjoining Defendants from continuing to enforce the "Maintenance of Membership" provision and from engaging in any actions in reliance thereon, including but not limited to, the deduction of sums from Plaintiff's wages.

**E. Monetary Damages**: ordering the Union to pay nominal and compensatory damages for violation of Plaintiff's constitutional rights, including, but not limited to, all sums deducted from Plaintiff's wages going back to the extent permitted by the relevant statute of limitations or the date Plaintiff began employment, whichever is more recent, as well as

1   all pre-judgment and post-judgment interest, and any further relief the

2   Court may deem just and proper.

3       **F. Costs and Attorneys' Fees:** for an award to Plaintiff of his costs and

4   reasonable attorneys' fees pursuant to the Civil Rights Attorney's Fees

5   Award Act of 1976, 42 U.S.C. § 1988.

6   RESPECTFULLY SUBMITTED this 18th day of October 2019.

7

8

9           Karin Sweigart, Cal. Bar No. 247462
            Freedom Foundation
            PO Box 552
10          Olympia, WA 98507
            Telephone: (360) 956-3482
11          Email: ksweigart@freedomfoundation.com

12          Mariah Gondeiro, Cal. Bar No. 323683
            Freedom Foundation
13          PO Box 552
            Olympia, WA 98507
14          Telephone: (360) 956-3482
            Email: mgondeiro@freedomfoundation.com

15
            *Attorneys for Plaintiff*
16

17

18

19

20

---

FIRST AMENDED COMPLAINT             13             CASE NO. 2:19-CV-06351

FREEDOM FOUNDATION