1  LEROY SMITH, State Bar No. 107702
   County Counsel, County of Ventura
2  MATTHEW A. SMITH, State Bar No. 167320
   Assistant County Counsel
3  matthew.smith@ventura.org
   800 South Victoria Avenue, L/C #1830
4  Ventura, California 93009
   Telephone:  (805) 654-2593
5  Facsimile:  (805) 654-2185

6  Attorneys for Defendants Ventura County
   and Jeffery S. Burgh (erroneously sued as Jeffrey S. Burgh)
7  in his official capacity as Auditor-Controller of Ventura County

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  MATTHEW WILKINS, individual,        )  No. 2:19-cv-6351 DSF (GJSx)
                                        )
12                 Plaintiff,           )  ANSWER OF DEFENDANTS
                                        )  COUNTY OF VENTURA AND
13          vs.                         )  JEFFERY S. BURGH TO FIRST
                                        )  AMENDED COMPLAINT
14                                      )
    SERVICE EMPLOYEES                   )
15  INTERNATIONAL UNION LOCAL           )  Judge:  Hon. Dale S. Fischer
    721, a labor union, VENTURA         )
16  COUNTY, a political subdivision of  )
    the State of California; and JEFFREY)
17  S. BURGH, in his official capacity as)
    Auditor-Controller of Ventura      )
18  County,                            )
                                        )
19                 Defendants.          )
                                        )
20  _____)

21          Defendants County of Ventura ("County") and Jeffery S. Burgh, in his

22  official capacity of Auditor-Controller of Ventura County ("Burgh") (County and

23  Burgh are collectively referred to as "Defendants"), hereby answer the First

24  Amended Complaint for Declaratory Judgment, Damages and Injunctive Relief

25  Under 42 U.S.C. § 1983 ("Complaint") filed by plaintiff Matthew Wilkins

26  ("Wilkins") in this matter as follows:

27  / / /

28  / / /

                              1

**JURISDICTION AND VENUE**

1. In response to paragraph 1 of the Complaint, Defendants admit the allegations contained therein.

2. In response to paragraph 2 of the Complaint, Defendants admit the allegations contained therein.

3. In response to paragraph 3 of the Complaint, Defendants admit the allegations contained therein.

**INTRODUCTION**

4. In response to paragraph 4 of the Complaint, Defendants admit that Wilkins is a public employee of the County and is employed in a bargaining unit represented by defendant Service Employees International Union, Local 721 ("SEIU"). The County denies that Wilkins never signed a membership application card. Except as so admitted and denied, Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 4, and on that basis deny each and every remaining allegation contained in paragraph 4.

**THE PARTIES**

5. In response to paragraph 5 of the Complaint, Defendants admit that Wilkins resides in Camarillo, California within the County. Defendants also admit that Wilkins is a public employee and that Wilkins is employed by the County. Defendants further admit that pursuant to his employment with the County Wilkins is assigned to a position within the Ventura County Fire Protection District. Defendants further admit that Wilkins is employed in a classification for which SEIU is the exclusive bargaining representative. Except as so admitted, Defendants deny any remaining allegations contained in paragraph 5.

6. In response to paragraph 6 of the Complaint, Defendants admit the allegations contained therein.

///

2

7. In response to paragraph 7 of the Complaint, Defendants admit that the County is a public agency as defined in California Government Code section 3501, subdivision (c) with its headquarters in Ventura, California and that it engages in business in California, including within Ventura County. Except as so admitted, Defendants deny any remaining allegations contained in paragraph 7.

8. In response to paragraph 8 of the Complaint, Defendants admit that Jeffery S. Burgh is the Auditor-Controller of the County of Ventura.

## FACTUAL ALLEGATIONS

9. In response to paragraph 9 of the Complaint, Defendants admit the allegations contained therein.

10. In response to paragraph 10 of the Complaint, Defendants admit that SEIU is the recognized exclusive representative for the bargaining unit that includes the classification in which Wilkins is employed. Except as so admitted, Defendants deny each and every remaining allegation contained in paragraph 10.

11. In response to paragraph 11 of the Complaint, Defendants admit the County deducts dues from the paychecks of members of SEIU and remits the dues to SEIU. Defendants also admit that the memorandum of agreement ("MOA") between the County and SEIU contains terms that provide for the County to deduct dues from the paychecks of employees who are members of SEIU and to remit those dues to SEIU. Except as so admitted, Defendants deny each and every remaining allegation contained in paragraph 11.

12. In response to paragraph 12 of the Complaint, Defendants admit that the MOA contains a section titled "Maintenance of Membership/Modified Agency Shop," and that the contractual provisions alleged in paragraph 12 are included in article 28, section 2813 on page 79 of the MOA.

13. In response to paragraph 13 of the Complaint, Defendants admit that section 2813, subsection (B) of the MOA states that effective February 13, 1996, there was created a modified agency shop provision in conformity with

3

1  Government Code section 3502.5.  Except as so admitted, Defendants deny each
2  and every remaining allegation contained in paragraph 13.

3      14.  In response to paragraph 14 of the Complaint, Defendants admit that
4  Wilkins submitted a letter dated August 11, 2018, to SEIU requesting to resign
5  from union membership and the cessation of dues deductions.  Defendants also
6  admit that on Sunday, August 12, 2018, Wilkins sent an e-mail to Susan Salas, an
7  employee of the Ventura County Auditor-Controller's office, attaching a copy of
8  his letter to SEIU of August 11, 2018.  Except as so admitted, Defendants deny
9  each and every remaining allegation contained in paragraph 14.

10      15.  In response to paragraph 15 of the Complaint, Defendants are without
11  sufficient knowledge or information to form a belief as to the truth of the
12  allegations in said paragraph, and on that basis deny each and every allegation
13  contained therein.

14      16.  In response to paragraph 16 of the Complaint, Defendants are without
15  sufficient knowledge or information to form a belief as to the truth of the
16  allegations in said paragraph, and on that basis deny each and every allegation
17  contained therein.

18      17.  In response to paragraph 17 of the Complaint, Defendants admit that on
19  August 13, 2018, Susan Salas was employed as a Fiscal Technician by the Ventura
20  County Auditor-Controller's Office.  Defendants also admit that on August 13,
21  2018, Susan Salas sent an e-mail to Wilkins responding to his e-mail.  Defendants
22  also admit that in the e-mail to Wilkins, Susan Salas stated that the Auditor-
23  Controller's office would have to hear from SEIU in response to Wilkins's request
24  in order to stop his dues deductions.  Defendants also admit that in the e-mail to
25  Wilkins, Susan Salas stated that she believed that "cancellations for this current
26  contract is 2019."  Except as so admitted, Defendants deny each and every
27  remaining allegation contained in paragraph 17.
28  / / /

ANSWER OF DEFENDANTS COUNTY OF VENTURA AND JEFFERY S.
BURGH TO FIRST AMENDED COMPLAINT

18. In response to paragraph 18 of the Complaint, Defendants admit that Susan Salas also provided a copy of a payroll deduction authorization form that Wilkins signed and dated April 1, 2014. Defendants also admit that the payroll deduction authorization form included provisions authorizing deductions related to SEIU. Defendants deny that the payroll deduction authorization was a County form; rather, the form was created by SEIU. Except as so admitted and specifically denied, Defendants deny each and every remaining allegation contained in paragraph 18.

19. In response to paragraph 19 of the Complaint, Defendants admit that the payroll deduction authorization form states that the payroll deduction authorization will remain in effect until the termination of Wilkins's employment or until Wilkins gives written notice to the Office of the Auditor-Controller of its termination through the submission of a valid Payroll Deduction Authorization/Cancellation card, whichever is earlier. Except as so admitted, Defendants deny each and every remaining allegation contained in paragraph 19.

20. In response to paragraph 20 of the Complaint, Defendants deny each and every allegation contained therein.

21. In response to paragraph 21 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis deny each and every allegation contained therein.

22. In response to paragraph 22 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis deny each and every allegation contained therein.

23. In response to paragraph 23 of the Complaint, Defendants deny each and every allegation contained therein.

///

ANSWER OF DEFENDANTS COUNTY OF VENTURA AND JEFFERY S. BURGH TO FIRST AMENDED COMPLAINT

24. In response to paragraph 24 of the Complaint, Defendants deny each and every allegation contained therein.

25. In response to paragraph 25 of the Complaint, Defendants deny each and every allegation contained therein.

26. In response to paragraph 26 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph concerning SEIU's oral representations to Wilkins and whether they contradict his signed payroll deduction authorization form, and on that basis deny said allegations. Defendants admit that the dues authorization form signed by Wilkins in 2014 provides, in part, that the dues authorization remains in effect until Wilkins gives written notice to the Office of the Auditor-Controller of its termination through the submission of a valid Payroll Deduction Authorization/Cancellation card. Except as so admitted, Defendants deny each and every remaining allegation contained in paragraph 26.

27. In response to paragraph 27 of the Complaint, Defendants deny each and every allegation contained therein.

28. In response to paragraph 28 of the Complaint, Defendants deny each and every allegation contained therein.

**FIRST CLAIM FOR RELIEF - 42 U.S.C. § 1983**

29. In response to paragraph 29 of the Complaint, Defendants incorporate by reference their responses to paragraphs 1 through 28.

30. In response to paragraph 30 of the Complaint, the allegations contained therein constitute legal conclusions that Defendants are required neither to admit nor deny.

31. In response to paragraph 31 of the Complaint, the allegations contained therein constitute legal conclusions that Defendants are required neither to admit nor deny.

/ / /

6

1  32.  In response to paragraph 32 of the Complaint, the allegations contained
2  therein constitute legal conclusions that Defendants are required neither to admit
3  nor deny.
4  33.  In response to paragraph 33 of the Complaint, the allegations contained
5  therein constitute legal conclusions that Defendants are required neither to admit
6  nor deny.
7  34.  In response to paragraph 34 of the Complaint, the allegations contained
8  therein constitute legal conclusions that Defendants are required neither to admit
9  nor deny.
10  35.  In response to paragraph 35 of the Complaint, Defendants deny each
11  and every allegation contained therein.
12  36.  In response to paragraph 36 of the Complaint, the allegations contained
13  therein constitute legal conclusions that Defendants are required neither to admit
14  nor deny.
15  37.  In response to paragraph 37 of the Complaint, the allegations contained
16  therein constitute legal conclusions that Defendants are required neither to admit
17  nor deny.
18  **SECOND CLAIM FOR RELIEF - Wilkins § 1983**
19  38.  In response to paragraph 38 of the Complaint, Defendants incorporate
20  by reference their responses to paragraphs 1 through 37.
21  39.  In response to paragraph 39 of the Complaint, Defendants deny each
22  and every allegation contained therein.
23  40.  In response to paragraph 40 of the Complaint, Defendants deny each
24  and every allegation contained therein.
25  41.  In response to paragraph 41 of the Complaint, the allegations contained
26  therein constitute legal conclusions that Defendants are required neither to admit
27  nor deny.
28  / / /

7

ANSWER OF DEFENDANTS COUNTY OF VENTURA AND JEFFERY S. BURGH TO FIRST AMENDED COMPLAINT

42. In response to paragraph 42 of the Complaint, the allegations contained therein constitute legal conclusions that Defendants are required neither to admit nor deny.

43. In response to paragraph 43 of the Complaint, the allegations contained therein constitute legal conclusions that Defendants are required neither to admit nor deny.

44. In response to paragraph 44 of the Complaint, the allegations contained therein constitute legal conclusions that Defendants are required neither to admit nor deny.

45. In response to paragraph 45 of the Complaint, the allegations contained therein constitute legal conclusions that Defendants are required neither to admit nor deny.

46. In response to paragraph 46 of the Complaint, Defendants deny each and every allegation contained therein.

47. In response to paragraph 47 of the Complaint, the allegations contained therein constitute legal conclusions that Defendants are required neither to admit nor deny.

48. In response to paragraph 48 of the Complaint, the allegations contained therein constitute legal conclusions that Defendants are required neither to admit nor deny.

## PRAYER FOR RELIEF

49. In response to Wilkins's requested relief, Defendants deny each and every allegation against them contained therein and deny that Wilkins is entitled to a declaratory judgment or injunctive relief against Defendants.

## AFFIRMATIVE DEFENSES

Defendants' investigation into this case is ongoing. Defendants assert the following affirmative defenses based upon facts presently known, but reserve the

///

8

1  right to supplement these defenses should they learn of additional facts giving rise

2  to an affirmative defense not stated below.

### FIRST AFFIRMATIVE DEFENSE

4      Wilkins's Complaint, and each claim for relief asserted therein, fails to

5  allege facts sufficient to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

7      Wilkins's claims are barred because there is no statute, regulation,

8  municipal policy, practice or custom that resulted in a constitutional deprivation.

### THIRD AFFIRMATIVE DEFENSE

10      Wilkins's claims are barred, in whole or in part, based on the doctrines of

11  waiver and estoppel in that the conduct, actions and inactions of Wilkins amount

12  to and constitute a waiver of any right Wilkins may have had in reference to the

13  matters alleged in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

15      Wilkins's Complaint, and each claim for relief therein, is frivolous,

16  unreasonable and without foundation, thus entitling Defendants to reasonable

17  attorney fees.

### FIFTH AFFIRMATIVE DEFENSE

19      Wilkins's claims are barred, in whole or in part, by the applicable statute of

20  limitations.

### SIXTH AFFIRMATIVE DEFENSE

22      The Complaint, and each claim for relief asserted therein, is barred by the

23  doctrine of mootness.

### DEFENDANTS' STATEMENT OF NEUTRALITY

25      Although in their answer Defendants have admitted and denied certain

26  allegations of the Complaint, such admissions and denials are based solely on

27  Defendants' official knowledge, information, or belief, and are not alleged to put

28  the matter at issue between Defendants and any of the parties.  Defendants take no

1   position regarding the merits of this action or the claims and arguments made by

2   any other party hereto other than to defend itself against any claims Wilkins may

3   make against the Defendants for attorney fees.

4                                          **PRAYER**

5          WHEREFORE, Defendants pray as follows:

6          1.  That Defendants be awarded costs of suit, including attorney fees,

7   incurred in defense of this action; and

8          2.  For any such other relief as the court deems proper.

9                                          LEROY SMITH
                                           County Counsel, County of Ventura
10

11  Dated:_____11/4/19_____      By_____
12                                         MATTHEW A. SMITH
                                           Assistant County Counsel
13

14                                         Attorneys for Defendants Ventura County
                                           and Jeffery S. Burgh (erroneously sued as
15                                         Jeffrey S. Burgh) in his official capacity
                                           as Auditor-Controller of Ventura County
16

17

18

19

20

21

22

23

24

25

26

27

28

                                             10

ANSWER OF DEFENDANTS COUNTY OF VENTURA AND JEFFERY S.
BURGH TO FIRST AMENDED COMPLAINT

1

**PROOF OF SERVICE**

2

**STATE OF CALIFORNIA, COUNTY OF VENTURA**

3

       I am a resident of or employed in the County of Ventura, State of California.  I am

4

over the age of 18 and not a party to the within action.  I am employed by the County of Ventura (County) and my business address is County Counsel's Office, 800 South Victoria Avenue, L/C #1830, Ventura, California 93009.

5

6

       On November 5, 2019, I served the within **ANSWER OF DEFENDANTS COUNTY OF VENTURA AND JEFFERY S. BURGH TO FIRST AMENDED COMPLAINT** on:

7

8

| | |
|---|---|
| Mariah Gondeiro | Eileen Goldsmith |
| Karin Moore Sweigart | Meredith Johnson |
| Freedom Foundation | Altschuler Berzon LLP |
| 50 Woodside Plaza, Suite 710 | 177 Post Street, Suite 300 |
| Redwood City, CA 94061 | San Francisco, CA 94108 |

9

10

**Attorneys for Plaintiff**            **Attorneys for Defendant**

11

[X]   **by standard County mail practice.**  I enclosed a true copy of each of said

12

documents in a sealed envelope addressed to the above-named person(s) as indicated above, and placed the envelope for collection and mailing following

13

ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing with the United States Postal

14

Service.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal

15

Service with postage fully paid.

16

[]   **by overnight delivery.**  I enclosed a true copy of each of said documents in a

17

sealed envelope or package provided by an overnight delivery carrier addressed to the above-named person(s) as indicated above, with delivery fees paid or provided

18

for.  I placed the envelope or package for collection and overnight delivery at an office or a regularly maintained drop box of the overnight delivery carrier.

19

[]   **by fax transmission.**  Based on an agreement of the parties to accept service by

20

fax transmission, I faxed said documents from fax number (805) 654-2185 to the above-named person(s) at the fax number(s) as indicated above.  The transmission

21

was reported as complete and without error.  A copy of said report is attached.

22

[]   **by electronic service.**  Based on a court order, a court rule or an agreement of the parties to accept electronic service, I electronically served said documents from to

23

the above-named person(s) at the electronic address(es) as indicated above at [time].

24

[]   **by personal service.**  I delivered said documents by hand enclosed in a sealed

25

envelope addressed to the above-named person(s) as indicated above in the manner provided in Code of Civil Procedure section 1011 or the Federal Rules of Civil

26

Procedure, rule 5(b).

27

[X]   (**FEDERAL**) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on November 5, 2019, at Ventura, California.

28

                                             PAM TISSLER