SCOTT A. KRONLAND (SBN #171693)
skronland@altshulerberzon.com
EILEEN B. GOLDSMITH (SBN #218029)
egoldsmith@altshulerberzon.com
MEREDITH A. JOHNSON (SBN #291018)
mjohnson@altshulerberzon.com
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064

*Attorneys for Defendant*
*Service Employees International*
*Union, Local 721*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW WILKINS,<br><br>        Plaintiff<br><br>    v.<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 721, *et al.*,<br><br>        Defendants. | Case No. 2:19-cv-06351-DSF-GJS<br><br>**SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 721's ANSWER TO FIRST AMENDED COMPLAINT** |

Defendant Service Employees International Union, Local 721 ("Local 721" or "Union") hereby files the following Answer to the First Amended Complaint for Declaratory Judgment, Damages and Injunctive Relief under 42 U.S.C. § 1983, filed in the above-captioned action on October 22, 2019.  (Dkt. 35-2; Dkt. 37.)  Except as expressly admitted below, all allegations are denied.

## JURISDICTION AND VENUE

1. The Union admits that Plaintiff has alleged violations of the First and Fourteenth Amendments of the United States Constitution and brought claims under 42 U.S.C. § 1983, and that this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.  The Union denies all other allegations of Paragraph 1.

2. The Union admits that Plaintiff seeks a declaratory judgment and injunctive relief.  The Union denies that Plaintiff is entitled to a declaratory judgment, injunctive relief, or any other relief, and on that basis denies all other allegations of Paragraph 2.

3. The Union admits the allegations of Paragraph 3.

## INTRODUCTION

4. The Union admits that Wilkins is a public employee employed in a bargaining unit represented by SEIU Local 721.  The Union denies that Wilkins never signed a membership application card and avers that, according to the Union's records, Wilkins signed a Union Membership Card on April 1, 2014 and a Union Membership Application on November 13, 2017.  The Union denies all other allegations of Paragraph 4.

## THE PARTIES

5. The Union admits the allegations of Paragraph 5.

6. The Union admits that it is a "recognized employee organization" under Cal. Gov't Code § 3501(a), and that its headquarters are in Los Angeles, California in Los Angeles County.  The Union denies all other allegations of Paragraph 6.

7. The Union admits the allegations of Paragraph 7.

8. The Union admits the allegations of Paragraph 8.

## FACTUAL ALLEGATIONS

***Matthew Wilkins***

9. The Union admits the allegations of Paragraph 9.

10. The Union admits that it is the exclusive representative of Wilkins' bargaining unit, by operation of state law and the MOA. The Union denies all other allegations of Paragraph 10.

11. The Union admits that the MOA between Ventura County and the Union for Wilkins' bargaining unit, effective through December 14, 2019, and applicable law, permit Ventura County to deduct dues from union members' paychecks and remit them to the Union, subject to the contractual conditions set forth for such deductions and remittances. The Union denies all other allegations of Paragraph 11.

12. The Union admits that the MOA between Ventura County and the Union that is effective through December 14, 2019, contains a "Maintenance of Membership/Modified Agency Shop" provision, which states, in part:

> <u>UNION SECURITY</u>: Maintenance of Membership/Modified Agency Shop:
>
> A. All Unit employees who on the effective date of the MOA are members of Local 721 and all such employees who thereafter voluntarily become members of Local 721 shall maintain their membership in Local 721, subject to:
>
> 1. Any employee in this unit(s) who has authorized Union dues deductions on the effective date of this agreement or at any time subsequent to the effective date of this agreement shall continue to have such dues deduction made by the County during the term of this agreement; provided, however, that any employee in the unit(s) may terminate such Union dues during the period not less than thirty (30)

> days and not more than forty-five (45) days before the expiration of this Memorandum of Agreement, by notifying the Union of their termination of dues in writing.  Such notification shall be delivered in person or by U.S. mail and should be in the form of a letter containing the following information:  employee name, employee number, job classification, department name and name of Union from which dues deductions are to be canceled.  The Union will provide the County's Human Resources with the appropriate documentation to process these dues cancellations within ten (10) business days after the close of the withdrawal period.

13. The Union denies the allegations of Paragraph 13.

14. The Union admits that, according to its records, on August 11, 2018, Wilkins sent an email to Info@seiu721.org, on which he cc-ed two other persons with "seiu721.org" email addresses and one person with a "ventura.org" email address, stating, "SEIU, Please see my attached request to withdraw from SEIU 721, thank you."  The Union admits that, according to its records, Wilkins attached to the email a letter in which he stated, in part, that he was resigning membership in the Union and requested that "you" cease deducting dues, fees, and political contributions from his wages.  The Union lacks information and belief, and on that basis denies, the allegation that Wilkins submitted a written cancellation to Ventura County.  The Union denies all other allegations of Paragraph 14.

15. The Union admits the allegations of Paragraph 15.

16. The Union admits that, according to its records, Wilkins contacted the Union and was advised of his opt out window and told that he could cancel his membership, but not his dues, because he was a full-fledged member, and that the next step was "member will email request again to membership@seiu721.org."  The Union lacks information and belief, and on that basis denies, all other allegations of Paragraph 16.

17. The Union lacks information and belief, and on that basis denies, the allegations of Paragraph 17.

18. The Union admits that, according to its records, Wilkins signed a payroll deduction authorization form on April 1, 2014, in which he authorized certain payments due to SEIU 721 to be deducted from his salary or wages. The Union lacks information and belief, and on that basis denies, all other allegations of Paragraph 18.

19. The Union admits that, according to its records, Wilkins signed a County payroll deduction authorization form on April 1, 2014 that stated, in part, "This authorization remains in effect until termination of my employment or until I give written notice to the Office of the Auditor-Controller of its termination through the submission of a valid Payroll Deduction Authorization/Cancellation card, whichever is earlier." The Union denies all other allegations of Paragraph 19.

20. The Union denies the allegations of Paragraph 20.

21. The Union denies the allegations of Paragraph 21.

22. The Union denies the allegations of Paragraph 22.

23. The Union denies the allegations of Paragraph 23.

24. The Union denies the allegations of Paragraph 24.

25. The Union denies the allegations of Paragraph 25.

26. The Union lacks information and belief, and on that basis denies, the allegations that the Union made an oral representation to Wilkins that contradicts his signed payroll deduction authorization. The Union denies all other allegations of Paragraph 26.

27. Paragraph 27 of the Complaint consists of legal conclusions as to which no answer is required. To the extent an answer is required, the Union denies the allegations of Paragraph 27.

28. Paragraph 28 of the Complaint consists of legal conclusions as to which no answer is required. To the extent an answer is required, the Union denies the allegations of Paragraph 28.

## FIRST CLAIM FOR RELIEF – 42 U.S.C. § 1983

29. The Union re-asserts and incorporates by reference its answers to the allegations contained in the paragraphs above.

30. Paragraph 30 of the Complaint consists of legal conclusions as to which no answer is required. To the extent an answer is required, the Union denies the allegations of Paragraph 30.

31. Paragraph 31 of the Complaint consists of legal conclusions as to which no answer is required. To the extent an answer is required, the Union denies the allegations of Paragraph 31.

32. Paragraph 32 of the Complaint consists of legal conclusions as to which no answer is required. To the extent an answer is required, the Union denies the allegations of Paragraph 32.

33. Paragraph 33 of the Complaint consists of legal conclusions as to which no answer is required. To the extent an answer is required, the Union denies the allegations of Paragraph 33.

34. Paragraph 34 of the Complaint consists of legal conclusions as to which no answer is required. To the extent an answer is required, the Union denies the allegations of Paragraph 34.

35. Paragraph 35 of the Complaint consists of legal conclusions as to which no answer is required. To the extent an answer is required, the Union denies the allegations of Paragraph 35.

36. Paragraph 36 of the Complaint consists of legal conclusions as to which no answer is required. To the extent an answer is required, the Union denies the allegations of Paragraph 36.

37. Paragraph 37 of the Complaint consists of legal conclusions as to which no answer is required. To the extent an answer is required, the Union denies the allegations of Paragraph 37.

## SECOND CLAIM FOR RELIEF – Wilkins § 1983

38. The Union re-asserts and incorporates by reference its answers to the allegations contained in the paragraphs above.

39. Paragraph 39 of the Complaint consists of legal conclusions as to which no answer is required. To the extent an answer is required, the Union denies the allegations of Paragraph 39.

40. Paragraph 40 of the Complaint consists of legal conclusions as to which no answer is required. To the extent an answer is required, the Union denies the allegations of Paragraph 40.

41. Paragraph 41 of the Complaint consists of legal conclusions as to which no answer is required. To the extent an answer is required, the Union denies the allegations of Paragraph 41.

42. Paragraph 42 of the Complaint consists of legal conclusions as to which no answer is required. To the extent an answer is required, the Union denies the allegations of Paragraph 42.

43. Paragraph 43 of the Complaint consists of legal conclusions as to which no answer is required. To the extent an answer is required, the Union denies the allegations of Paragraph 43.

44. Paragraph 44 of the Complaint consists of legal conclusions as to which no answer is required. To the extent an answer is required, the Union denies the allegations of Paragraph 44.

45. Paragraph 45 of the Complaint consists of legal conclusions as to which no answer is required. To the extent an answer is required, the Union denies the allegations of Paragraph 45.

46. Paragraph 46 of the Complaint consists of legal conclusions as to which no answer is required. To the extent an answer is required, the Union denies the allegations of Paragraph 46.

47. Paragraph 47 of the Complaint consists of legal conclusions as to which no answer is required. To the extent an answer is required, the Union denies the allegations of Paragraph 47.

48. Paragraph 48 of the Complaint consists of legal conclusions as to which no answer is required. To the extent an answer is required, the Union denies the allegations of Paragraph 48.

## PRAYER FOR RELIEF

Plaintiff's Prayer for Relief does not require a response. To the extent that the Prayer for Relief, including each and all of its subparagraphs, states any allegations, the Union denies them. The Union also denies that Plaintiff is entitled to any relief or that any relief in his favor is warranted or appropriate in this case.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim on which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Union acted in good faith based on the law in effect at the time.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, waiver, consent, unjust enrichment, and/or laches, including but not limited to because monetary relief would constitute unjust enrichment and because Plaintiff received the benefits of the Union's representation.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because any relief awarded to Plaintiff must be offset by the benefits he received from the Union's representation.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by a valid and enforceable contract. Any finding of liability would result in unjust enrichment to Plaintiff.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, as moot.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for monetary relief are barred because the Supreme Court's decision in *Janus v. AFSCME* does not apply retroactively.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff is not entitled to any relief retroactive from the date of the Supreme Court's decision in *Janus v. AFSCME* because the Union acted in reliance on a presumptively constitutional state law.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because there is no state action.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because the Union is entitled to qualified immunity.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, for lack of standing.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because there is no live case or controversy.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claim are barred, in whole or in part, by his failure to exhaust administrative remedies, including but not limited to remedies available through the Public Employment Relations Board.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by California Government Code §1159, which forecloses liability for requiring fair share fees prior to June 27, 2018.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by California Government Code §1157.1 *et seq.*, which authorizes the deductions at issue.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the funds Plaintiff seeks to recover are not in the possession of the Union.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff assumed the risk by voluntarily becoming a member of the Union and by voluntarily agreeing to have an amount equivalent to dues deducted from his pay.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Union is justified in relying on Plaintiff's express contractual agreements.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff was not harmed because he consented to the conduct that he alleges harmed him, including by signing a union membership card on April 1, 2014 and a union membership application on November 13, 2017.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff voluntarily and knowingly waived his rights.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff is not entitled to relief because he anticipatorily breached his contract with the Union.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate any damages his suffered.

**ADDITIONAL DEFENSES**

Defendant Local 721 reserves the right to amend its Answer to assert additional affirmative defenses based on further investigation and discovery.

**PRAYER**

WHEREFORE, Defendant Local 721 prays that the Court:

1. Deny Plaintiff any relief and enter judgment in favor of Defendant Local 721.
2. Award Defendant Local 721 its costs and attorneys' fees.
3. Award Defendant Local 721 such other and further relief as is just and proper.

Date: November 5, 2019    Signed:    */s/ Eileen B. Goldsmith*
Eileen B. Goldsmith

SCOTT A. KRONLAND
EILEEN B. GOLDSMITH
MEREDITH A. JOHNSON
ALTSHULER BERZON LLP

*Attorneys for Defendant*
*Service Employees International Union, Local 721*